IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. SMITH,

    Plaintiff,                                No. CIV S-10-1061 KJM P

    vs.

DEPARTMENT OF MENTAL HEALTH,

    Defendant.                            <u>ORDER</u>

/

          Plaintiff is a civilly committed patient at Coalinga State Hospital proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

          The court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

/////

1  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
2  U.S.C. § 1915A(b)(1), (2).

3         A claim is legally frivolous when it lacks an arguable basis either in law or in
4  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
5  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.
7  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
8  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
9  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

10         When considering whether a complaint states a claim upon which relief can be
11  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
12  (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v.
13  Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than
14  those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive
15  dismissal for failure to state a claim, a pro se complaint must contain more than "naked
16  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
17  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
18  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
20  claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at
21  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
22  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
23  Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint
24  for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard
25  Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).
26  /////

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between an individual defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). In other words, it is not sufficient for plaintiff to name the Department of Mental Health (DMH) as a defendant, as he has done in his initial complaint; rather, if plaintiff contends that certain policies or practices within DMH violate his civil rights, he must name the individual(s) responsible for enacting or promulgating those policies, and describe the violations effected by the policies, with factual support.

/////

/////

/////

1　　　　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in
2　order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
3　complaint be complete in itself without reference to any prior pleading.  This is because, as a
4　general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
5　F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
6　longer serves any function in the case.  Therefore, in an amended complaint, as in an original
7　complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8　　　　　Finally, plaintiff's prayer for relief effectively seeks release from state custody.
9　Such relief is not available under the Civil Rights Act, which provides relief only in the form of
10　monetary damages or injunctive relief.  If plaintiff's ultimate goal is release from state custody,
11　he cannot proceed with a complaint under 42 U.S.C. § 1983 but may instead file a petition for
12　writ of habeas corpus under 28 U.S.C. § 2254.  On the other hand, if he challenges the conditions
13　of his confinement at Coalinga State Hospital, his claims are cognizable only in a civil rights
14　action.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Plaintiff is informed that he
15　cannot seek both forms of relief in the same action.  Therefore, if he files an amended pleading,
16　he should specify which type of action (civil rights or habeas corpus) he is choosing to bring, in
17　addition to stating the specific factual grounds of that action.

18　　　　　In accordance with the above, IT IS HEREBY ORDERED that:

19　　　　　1. Plaintiff's motion for leave to proceed in forma pauperis (docket no. 2) is
20　granted.

21　　　　　2. Plaintiff's complaint is dismissed.

22　　　　　3. Plaintiff is granted thirty days from the date of service of this order to file an
23　amended pleading that complies with the requirements of the Civil Rights Act or the federal
24　habeas statute, 28 U.S.C. § 2254, the Federal Rules of Civil Procedure, and the Local Rules of
25　Practice; the amended pleading must bear the docket number assigned this case and must be
26　labeled "Amended Complaint" or "Amended Petition"; plaintiff must file an original and two

1  copies of the amended pleading; failure to file an amended pleading in accordance with this
2  order will result in a recommendation that this action be dismissed.
3       4.  The Clerk of Court is directed to send plaintiff one form for the filing of a civil
4  rights action by a prisoner, and one form for the filing of a habeas petition.
5  DATED: June 4, 2010.

                                              _____
                                              U.S. MAGISTRATE JUDGE

4
smit1061.14a.new.wpd