IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK A. SMITH,

    Petitioner,                    No. CIV-S-10-1061 MCE KJM P

    vs.

DEPARTMENT OF MENTAL HEALTH,    ORDER

    Defendant.

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Initially, he filed an action on the form for filing an action under 42 U.S.C. § 1983. The court dismissed the original complaint because its allegations were too vague under Federal Rule of Civil Procedure 8(a)(2), and the court could not determine whether this action is frivolous or fails to state a claim on which relief may be granted, a determination required under 28 U.S.C. § 1915A(a).

        Plaintiff has filed an amended complaint, but the allegations remain too vague to allow the court to meet the screening requirement of § 1915A(a). The amended pleading is on the form for filing actions under 28 U.S.C. § 2254, and it appears that plaintiff seeks to have his sentence overturned. If an inmate seeks injunctive relief challenging the fact or duration of his confinement, his claims "fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. By contrast, "claims that merely challenge the conditions of a

1

prisoner's confinement ... may be brought pursuant to § 1983 in the first instance." <u>Nelson v. Campbell</u>, 541 U.S. 637, 643-44 (2004). Insofar as plaintiff seeks to challenge his sentence with this action, then, his claims are not cognizable under § 1983, and this case is properly construed as a potential habeas proceeding.

Plaintiff has also moved for the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." <u>See</u> Rule 8(c), Fed. R. Governing § 2254 Cases. The court has determined that the interests of justice require appointment of counsel for the limited purpose of assisting plaintiff in assessing what claims, if any, might exist under the habeas statute. <u>See</u> 18 U.S.C. § 3006A(a)(2)(B); <u>see also</u> <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff's initial allegations raise questions about his ability, on his own, to articulate his claims intelligibly. Therefore, the court will refer this case to the Office of the Federal Defender in this district for the limited purpose of determining whether plaintiff has a cognizable claim under 28 U.S.C. § 2254, and, if there is such a claim, assisting plaintiff in drafting a petition that complies with the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff and counsel shall have sixty days from the date of this order in which to file a petition for writ of habeas corpus, or, if they determine that plaintiff has no cognizable claims under the habeas statute, to file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1). Alternately, if plaintiff and counsel conclude that plaintiff can and wishes to articulate a claim under § 1983, they shall notify the court of this conclusion.

Plaintiff is informed that this order does not appoint counsel for the duration of this case should the case proceed to resolution in federal court. Once appointed counsel has assisted plaintiff in drafting a petition, advising the court of plaintiff's position with respect to a
/////

1 § 1983 claim, or filing a notice of voluntary dismissal, counsel will have fulfilled all obligations
2 under this order.

3         Accordingly, IT IS HEREBY ORDERED that:

4         1. The motion to appoint counsel (Docket No. 6) is granted.

5         2. The motion to appoint counsel (Docket No. 13) is denied as duplicative.

6         3. The amended complaint is dismissed, with leave to file a petition for writ of
7 habeas corpus under 28 U.S.C. § 2254.

8         4. The Federal Defender is appointed on a limited basis to represent plaintiff.

9         5. The Clerk of the Court is directed to serve a copy of the amended complaint
10 and this order on David Porter, Assistant Federal Defender.

11         6. Plaintiff and counsel have sixty days from the date of this order in which to
12 file a petition for writ of habeas corpus, to file a notice of voluntary dismissal under Federal Rule
13 of Civil Procedure 41(a)(1), or to advise the court that plaintiff has claims properly brought
14 under 42 U.S.C. § 1983.

15 DATED: October 19, 2010.

16         _____
        U.S. MAGISTRATE JUDGE

17 04
smit1061.110a

3